487 So.2d 395 (1986)
BONITO BOATS, INC., Appellant,
v.
THUNDER CRAFT BOATS, INC., Appellee.
No. 85-458.
District Court of Appeal of Florida, Fifth District.
April 24, 1986.
John S. Schoene of Baker & Hostetler, Orlando, for appellant.
Hal K. Litchford and Sherri K. DeWitt of Litchford & Christopher, Orlando, for appellee.
COWART, Judge.
The plaintiff below, Bonito Boats, Inc. (Bonito), appeals from an order dismissing with prejudice its complaint against the defendant below, Thundercraft Boats, Inc. (Thundercraft).
Bonito's complaint alleged that Thundercraft unlawfully duplicated one of Bonito's unpatented boat hulls using a "direct molding process" in violation of section 559.94, Florida Statutes.[1] The lower court granted *396 Thundercraft's motion to dismiss Bonito's complaint with prejudice on the ground that federal patent laws permit unrestricted copying of unpatented articles and preempt section 559.94, Florida Statutes. We affirm.
The issue in this case is whether federal patent laws preempt section 559.94, Florida Statutes. Two United States Supreme Court cases provide the answer. In Sears Roebuck and Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), the Supreme Court held that a state may not, consistent with the supremacy clause of the Constitution (U.S. Const. art. VI), prohibit the copying of an unpatented article or award damages for such copying. Unpatented articles are in the public domain and may be copied and sold by whoever chooses to do so. The Court rearticulated this position in Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), noting that when an article is unprotected by a patent, state law may not forbid others to copy the article.
This is exactly what section 559.94, Florida Statutes, attempts to do by restricting duplication of vessel hulls or vessel component parts via the direct molding process. This restriction runs counter to the Congressional policy of granting patents only to true inventions and then only for a limited time and encroaches upon both the federal patent laws and the Congressional intent that the federal patent laws determine the question of what is to be patentable and protected from copying and what is to be in the public domain and unprotected from being copied.
We are aware that (as Bonito argues) section 559.94, Florida Statutes, prohibits only one form of copying, i.e., using the "direct molding process," yet permits detailed copying using other methods of duplication. However, neither Sears, nor Compco, nor any other Supreme Court opinion holds that federal law authorizes a state to limit the manner in which an unpatented item may be duplicated.[2] If state law may not forbid others from copying an unpatented article, then state law may not forbid a particular method of copying.
Interpart Corp. v. Italia, 777 F.2d 678 (Fed. Cir.1985), is on point and supports appellant's position but we do not believe that case is consistent with Sears, Roebuck and Co. and Compco. We therefore hold that federal patent laws preempt Florida's power to regulate the copying of unpatented articles and that section 559.94, Florida Statutes, is unconstitutional under the supremacy clause of the United States Constitution. The lower court's order dismissing Bonito's complaint with prejudice is affirmed.
AFFIRMED.
COBB, C.J., concurs.
ORFINGER, J., dissents with opinion.
ORFINGER, Judge, dissenting.
I respectfully dissent. Section 559.94, Florida Statutes (1985) does not prohibit the copying of a boat hull, per se. It only prohibits the specific method of copying by the direct molding process. I find nothing in the Sears/Compco cases which prevents the state from outlawing this particular predatory type of misappropriation.
A very similar California statute was recently held constitutional in the case of Interpart Corporation v. Imos Italia, Vitaloni, S.p.A., 777 F.2d 678 (Fed. Cir.1985). The court found no conflict with federal *397 law nor any violation of the Sears/Compco principles. In holding that the statute did not clash with the objectives of the federal patent laws nor stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress, the federal court said of the California statute:
It is clear from the face of the statute that it does not give the creator of the product the right to exclude others from making, using, or selling the product as does the patent law. The statute does not preclude one from photographing, measuring, or in any way utilizing the concept of the design of the product. It does not preclude copying the product by hand, by using sophisticated machinery, or by any method other than the direct molding process... .
The statute prevents unscrupulous competitors from obtaining a product and using it as the "plug" for making a mold. The statute does not prohibit copying the design of the product in any other way; the latter, if in the public domain, is free for anyone to make, use, or sell.
I find this interpretation persuasive. Both Sears, Roebuck & Co. v. Stiffel Company, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) and Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), involved statutes which prohibited all forms of copying, and which, in effect, created state patent laws. Under the statute in question here, a competitor may copy and duplicate a boat hull in any fashion whatever, except by the direct molding process. I fail to see how this limitation conflicts with or impairs the federal patent laws. See Kewanee Oil Company v. Bicron Corp., 416 U.S. 470, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1974). I would hold the statute constitutional and reverse the judgment below.
NOTES
[1] 559.94 Duplication of vessel parts; action for injunctive relief against illegal duplication or against sale of illegally duplicated vessel parts. 

(1) As used in this section, the term:
(a) "Direct molding process" means any direct molding process in which the original manufactured vessel hull or component part of a vessel is itself used as a plug for the making of the mold, which mold is then used to manufacture a duplicate item.
(b) "Mold" means a matrix or form in which a substance or material is shaped.
(c) "Plug" means a device or model used to make a mold for the purpose of exact duplication.
(2) It is unlawful for any person to use the direct molding process to duplicate for the purpose of sale any manufactured vessel hull or component part of a vessel made by another without the written permission of that other person.
(3) It is unlawful for any person to knowingly sell a vessel hull or component part of a vessel duplicated in violation of subsection (2).
(4) Any person who suffers injury or damage as the result of a violation of the provisions of this section may bring an action in circuit court for an injunction prohibiting such violations. In addition, such person shall be entitled to actual damages incurred as a result of such violation and to reasonable attorney's fees and costs.
(5) The provisions of this section apply only to vessel hulls or component parts of vessels duplicated through use of molds made on or after July 1, 1983.
[2] The Sears/Compco doctrine does not prohibit the right of a state to require "those who make and sell copies to take precautions to identify their products as their own." Compco, 376 U.S. at 238, 84 S.Ct. at 782, 11 L.Ed.2d at 672. However, that is not the problem in this case.